UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE SOUTHARD,

           Petitioner,           Case No. 1:07-cv-409

v.                                          Honorable Richard Alan Enslen

JERI-ANN SHERRY,

           Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, I recommend that the petition be dismissed for failure to raise a meritorious federal claim.

**Discussion**

I.    Factual allegations

Petitioner is incarcerated in the Chippewa Correctional Facility. He pleaded guilty in the Kent County Circuit Court to one count of second-degree criminal sexual conduct. On January 31, 2005, the trial court sentenced him to imprisonment of six to fifteen years. The Michigan Court of Appeals and the Michigan Supreme Court denied his applications for leave to appeal on January 5, 2006 and April 28, 2006, respectively. In both courts, Petitioner claimed that he should be resentenced because (1) the trial court's reasons for departing from the guidelines were not substantial and compelling and (2) the sentence imposed by the trial court was disproportionate. Petitioner now raises the same two claims in his application for habeas corpus relief.

II.    Merits

Petitioner first claims that the trial court failed to provide a substantial and compelling reason for departing from the sentencing guidelines. Under Michigan law, a trial court may depart from the guidelines if it has a substantial and compelling reason for that departure and states on the record the reasons for the departure. *See* MICH. COMP. LAWS § 769.34(3). However, the judicial sentencing guidelines do not apply to habitual offenders. *People v. Colon,* 644 N.W.2d 790, 793-94 (Mich. Ct. App. 2002). Because Petitioner was sentenced as an habitual offender, it does not appear that the trial court was required to follow the sentencing guidelines. In any event, Petitioner's claim concerns a requirement of state law. The extraordinary remedy of habeas corpus lies only for a violation of the Constitution. 28 U.S.C. § 2254(a). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire,* 502 U.S. 62, 68 (1991). Accordingly, Petitioner's claim that the trial

court erred in departing upward from the sentencing guideline range is not cognizable for purposes of habeas corpus review. *See McPhail v. Renico*, 412 F.Supp.2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall,* 157 F. Supp.2d 802, 823 (E.D. Mich. 2001).

Petitioner's second claim also arises under state law. He claims that his sentence was disproportionate. Under the Michigan Supreme Court's decision in *People v. Milbourn*, 461 N.W.2d. 1, 9-10 (Mich. 1990), the sentencing court must exercise its discretion within the bounds of Michigan's legislatively prescribed sentence range and pursuant to the intent of Michigan's legislative scheme of dispensing punishment according to the nature of the offense and the background of the offender. It is plain that *Milbourn* was decided under state, not federal, principles. *See Lunsford v. Hofbauer*, No. 94-2128, 1995 WL 236677, at *2 (6th Cir. Apr. 21, 1995); *Atkins v. Overton*, 843 F.Supp. 258, 260 (E.D. Mich. 1994). In addressing a claim that a sentence violated *Milbourn* proportionality, the Sixth Circuit stated that the issue was a matter of state law and that there was "no violation of a constitutional right because the United States Constitution contains no strict proportionality guarantee." *Lunsford*, 1995 WL 236677, at *2 (citing *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991) and *United States v. Hopper*, 941 F.2d 419, 422 (6th Cir. 1991)); *Terry v. Trippett*, No. 94-2077, 1995 WL 469424, at *1 (6th Cir. Aug. 7, 1995) (same). Thus, Petitioner's proportionality claim is solely an issue of state law that is not cognizable in a habeas corpus action.

To the extent Petitioner seeks to raise a claim under the Eighth Amendment, it is without merit. The United States Constitution does not require strict proportionality between a crime and its punishment. *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583. A sentence that falls within the

maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)). Furthermore, "Federal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Petitioner was not sentenced to death or life in prison without the possibility of parole. Therefore, Petitioner's sentence does not run afoul of the Eighth Amendment's ban of cruel and unusual punishment.

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be summarily dismissed pursuant to Rule 4 because it lacks merit on its face. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Date: May 4, 2007                                   /s/ Ellen S. Carmody
                                                    ELLEN S. CARMODY
                                                    United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).